UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GERALD KOBELL, REGIONAL DIRECTOR
FOR REGION SIX OF THE NATIONAL
LABOR RELATIONS BOARD, FOR AND
ON BEHALF OF THE NATIONAL LABOR
RELATIONS BOARD
              Plaintiff

v.                            **Civil No: 2:07-cv-00978**

TRANSPORTATION SOLUTIONS, INC.

              Defendant

## DEFAULT JUDGMENT AND ORDER GRANTING TEMPORARY INJUNCTION

Defendant Transportation Solutions, Inc., having failed to plead or otherwise defend this action, and default having been entered,

**NOW**, upon application of the Plaintiff and upon affidavit that Defendant is not an infant or incompetent person and not in the military service of the United States, it is hereby

**ORDERED, ADJUDGED AND DECREED** that, pending the final disposition of the matters involved pending before the National Labor Relations Board and for the period of time set forth, infra, in this Order, Defendant, its officers, representatives, agents, employees, attorneys, successors and assigns, and all persons acting in concert or participation with it or them, be and they hereby are enjoined and restrained from:

(a)    Advising its employees that Defendant could not reward their job performance with a wage increase because the employees selected General Teamsters, Chauffeurs and Helpers, Local 249 a/w International Brotherhood of Teamsters ("the Union"), as their bargaining representative;

(b) Advising its former employees by letter and/or during telephone conversations, that Defendant would not hire them because of the Union;

(c) Engaging in surveillance of its employees while they engage in Union activities;

(d) Advising its employees that no Union or group was going to tell Defendant what to do;

(e) Informing its employees that they had stabbed the Defendant in the back and/or that they were two-faced because they attended a Union meeting and engaged in Union and/or other protected concerted activities;

(f) Creating the impression among its employees that their Union activities were under surveillance by Defendant;

(g) Advising employees that all employees who attended the December 9, 2006, Union meeting were already fired or would be fired by Defendant;

(h) Informing its employees that they would have received a wage increase if they had not engaged in Union and/or other protected concerted activities;

(i) Refusing to hire its former employees because they join, support or assist the Union, or any other labor organization, and/or because of the union activities of the Defendant's employees;

(j) Disciplining, discharging and otherwise discriminating against its employees because they join, support or assist the Union, or any other labor organization;

(k) Discharging its employees because they serve as the Union's observer at a National Labor Relations Board representation election and/or because they accompany the Union to a representation hearing and/or meeting with the National Labor Relations Board; and

(l) In any like or related manner restraining or coercing the employees of Defendant in the exercise of their rights guaranteed under Section 7 of the Act.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, pending the final disposition of the matters pending before the National Labor Relations Board and for the period of time set forth, infra, in this Order, Defendant, its officers, representatives, agents, employees, attorneys, successors and assigns, and all persons acting in concert or participation with it or them, shall take the following affirmative action within 14 days of the date of the District Court's Default Judgment and Order Granting Temporary Injunction:

(a) Offer interim instatement to Vaunell Evans as a shuttle driver, or if that position no longer exists, to a substantially equivalent position, and during his interim instatement, restore his seniority rights and privileges that Vaunell Evans would have earned but for Defendant's unlawful refusal to hire him;

(b) Offer interim reinstatement to Edward Charlie, Lisa Glenn and Stephanie Wimbs, to their former positions, or if those respective positions no longer exist, to substantially equivalent positions, and during their interim reinstatement, restore their seniority rights and privileges that they would have earned but for Defendant's unlawful discharge;

(c) On an interim basis, rescind the discipline Defendant issued to its employee Lisa Glenn for switching shifts;

(d) Post copies of the District Court's Default Judgment and Order Granting Temporary Injunction at Defendant's facility where notices to employees are customarily posted, said posting to be maintained during the National Labor Relations Board's administrative proceedings free from all obstructions and defacements; and,

Within 20 days of the issuance of the District Court's Default Judgment and Order Granting Temporary Injunction,

(e) File with the Court, with a copy submitted to the Regional Director for Region 6 of the National Labor Relations Board, a sworn affidavit from a responsible official of Defendant, setting forth with specificity the manner in which Defendant has complied with the terms of the decree, including how and when it posted the document required by the Order.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Order shall expire six months from the date of its issuance; provided further, that Plaintiff may, upon motion, request an additional thirty day extension of this Order, if it appears that the final decision of the National Labor Relations Board on the underlying unfair labor practice complaint is imminent.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the United States Marshals be authorized to take those actions deemed necessary to enforce the provisions and prohibitions set forth in the District Court's Default Judgment and Order Granting Temporary Injunction.

Dated: 8/24/07